IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JON WHITE, #R69891, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 12-cv-769-MJR |
| | ) |
| WARDEN ATCHISON, | ) |
| OFFICER LINDBERGH, | ) |
| OFFICER ANTHONY, | ) |
| FITZGERALD, MEYER, | ) |
| MAYBERRY, MCKAMICK, | |
| LIEUTENANT LASHBROOK, | |
| | |
|     Defendants. | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Pontiac Correctional Center ("Pontiac"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on incidents that took place while he was confined at Menard Correctional Center ("Menard").

The following is an overview of the allegations in Plaintiff's complaint (Doc. 1). Defendant Fitzgerald[1] told another inmate that Plaintiff was a child molester; as a result, two inmates verbally threatened Plaintiff. Defendant McKamick then witnessed one of those inmates hit Plaintiff in the head with a "soap sock," yet refused to move Plaintiff away from that inmate. Plaintiff made a written request for protection, but an unknown correctional officer gave Plaintiff's letter to one of the inmates who made the threats.

Defendants Lindbergh, Anthony and Fitzgerald put Plaintiff in a cell with one of

---

[1] Defendant "Fitzgerald Meyer" was inadvertently listed as a single individual. However, it is clear from the complaint that Defendant Fitzgerald and Defendant Meyer are two different persons. The Clerk shall be directed to correct the docket sheet accordingly.

the inmates who they knew had threatened Plaintiff, and they watched as this inmate beat Plaintiff, running away when Plaintiff yelled for them to remove him from the cell. This inmate later sexually assaulted Plaintiff.

Defendants Atchison and Lashbrook were deliberately indifferent to Plaintiff's serious medical needs for treatment following the assault, and conspired to cover up the incident. Finally, Plaintiff claims that Defendants Mayberry and Meyer failed to protect him, and that all Defendants retaliated against Plaintiff for filing grievances.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Endangerment and Failure to Protect**

  **A. Defendant McKamick**

Defendant McKamick refused to move Plaintiff away from an inmate who attacked him despite having witnessed the attack. It is not clear whether McKamick knew there was a substantial risk that the inmate would attack Plaintiff prior to the soap sock attack. Further, Plaintiff does not indicate which of the two inmates who threatened him hit Plaintiff with the soap sock, and which inmate later beat and assaulted Plaintiff. Because it is possible that the second, more serious attack was perpetrated by the same inmate who hit Plaintiff with the soap sock, Plaintiff shall be allowed to proceed on his failure to protect claim against Defendant McKamick.

### B. Defendants Lindbergh, Anthony, and Fitzgerald

Defendants Lindbergh, Anthony, and Fitzgerald, despite Plaintiff's protests about the danger he would face, put Plaintiff in a cell with an inmate who had threatened him. They then watched as Plaintiff was beaten, refused to move Plaintiff, and left him in the cell to be assaulted again. Plaintiff's claim that Defendants Lindbergh, Anthony, and Fitzgerald instigated the assault on him shall be allowed to proceed.

### C. Defendant John Doe

Plaintiff claims that John Doe gave Plaintiff's letter listing certain inmates as enemies and requesting protection, which was intended for Plaintiff's counselors and mental health specialist, to an inmate who had threatened Plaintiff. Should Plaintiff be able to determine the identity of this unknown officer and amend his complaint, he may proceed with the claim against him.

### D. Defendants Mayberry and Meyer

Plaintiff claims that Defendants Mayberry and Meyer also failed to protect him from attack. However, he makes no factual allegations against either of these Defendants. Plaintiff's claims against these Defendants consist of bare legal conclusions, thus, the failure to protect claim against Defendants Mayberry and Meyer shall be dismissed without prejudice.

**Count 2 – Retaliation**

Plaintiff claims that all Defendants retaliated against him for filing grievances. However, he does not describe any act(s) of retaliation, nor identify which individuals were personally involved in any retaliatory actions that may have occurred. *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff's retaliation claim thus shall be dismissed without prejudice. However, Plaintiff shall be allowed the opportunity to submit an amended complaint,

within 35 days of the entry of this order, to present any facts which may exist that would sustain his retaliation claim.  If the amended complaint still fails to state a claim, or if Plaintiff does not submit an amended complaint, the dismissal of this count shall become a dismissal with prejudice.  The amended complaint shall be subject to review pursuant to § 1915A.

**Count 3 – Conspiracy**

Plaintiff alleges that Defendants Atchison and Lashbrook conspired to cover up the assault that Plaintiff suffered, by failing to properly investigate or take action against the assailant.  Conspiracy is not an independent basis of liability in §1983 actions.  *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008);  *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000).  "There is no constitutional violation in conspiring to cover-up an action which does not itself violate the Constitution."  *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).  Plaintiff has no constitutional right to have the assault investigated, reported to other prison officials, or see his attacker punished, thus, the failure to take those actions cannot give rise to a § 1983 claim.  *See Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989) (a federal court does not enforce state law and regulations).  Accordingly, the conspiracy claim against Defendants Atchison and Lashbrook shall be dismissed without prejudice.

**Count 4 – Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that Defendants Atchison and Lashbrook denied him medical treatment following the attack, despite his requests.  In addition, the complaint indicates that Defendants Fitzgerald, Lindbergh and Anthony observed Plaintiff being beaten, but failed to obtain any medical care for him.  At this stage of the litigation, Plaintiff has stated a deliberate indifference claim against these individuals that shall receive further review.

**Temporary Restraining Order (TRO)**

Although Plaintiff has not filed any motion for a TRO, in his prayer for relief, he requests a TRO "against the prison officials from placing the plaintiff in any cell with a known gang member" (Doc. 1, p. 14). Nowhere in the complaint does Plaintiff indicate that gang affiliation, or the lack of it, had anything to do with the attacks on him. The Court notes that by the time Plaintiff filed this action, he had already been transferred from Menard, where his claims arose, to Stateville Correctional Center, and he subsequently was moved to Pontiac (Doc. 14). Thus, the Defendants in the instant action no longer have any control over Plaintiff's housing assignment, and any need for injunctive relief against them has become moot. *See Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995). Further, Plaintiff has not pleaded facts to indicate that he faces any danger in his current location, nor are any Pontiac officials parties to this action.

Plaintiff is advised that prison regulations provide for voluntary placement of an inmate in protective custody where general population inmates cannot reach a protected inmate, should the need arise. ILL. ADMIN. CODE, title 20, § 501.310 (1987).

**Disposition**

The Clerk is **DIRECTED** to correct the docket sheet to reflect that **DEFENDANT FITZGERALD** and **DEFENDANT MEYER** are two separate individual Defendants.

Plaintiff's motion for a temporary restraining order is **DENIED**.

**COUNTS 1** and **4** survive threshold review and shall receive further consideration.

**IT IS HEREBY ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **DEFENDANTS MEYER** and **MAYBERRY** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that, should he wish to proceed on his retaliation claims in **COUNT 2,** Plaintiff shall file his First Amended Complaint on or before **September 21, 2012**, stating any facts which may exist to support a retaliation claim and naming the individual Defendants directly responsible for the alleged deprivations in Count 2. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, and in addition to an amended version of Count 2, must contain the allegations in Counts 1 and 4. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of Count 2 becoming a dismissal with prejudice. Review of Counts 1 and 4 shall proceed whether or not Plaintiff submits an amended complaint.

The Clerk of Court shall prepare for Defendants **ATCHISON, LINDBERGH, ANTHONY, FITZGERALD, MCKAMICK** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs

of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on any Unknown (John Doe) Defendant(s) until such time as Plaintiff has identified them by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and

28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    IT IS SO ORDERED.

    DATED: August 17, 2012

                                              *s/ Michael J. Reagan*
                                              **MICHAEL J. REAGAN**
                                              **UNITED STATES DISTRICT JUDGE**